IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSICA PAIGE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 22-00400-MU |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jessica Paige Taylor brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 10 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also* Doc. 11. Upon consideration of the administrative record,

Taylor's brief, and the Commissioner's brief, the Court concludes that the Commissioner's decision denying benefits should be affirmed.[1]

## I.  PROCEDURAL HISTORY

Taylor filed an application for Supplemental Security Income, under Title II of the Act, 42 U.S.C. §§ 423-425, on August 14, 2020, alleging disability beginning on July 1, 2020. (PageID. 233-36). Her application was denied at the initial level of administrative review on April 5, 2021. (PageID. 167-71). She filed a Request for Reconsideration on May 3, 2021, that was denied on September 10, 2021. (PageID. 172-75, 176-77). On November 15, 2021, Taylor requested a hearing by an Administrative Law Judge (ALJ). (PageID. 184-86). After a hearing was held on April 26, 2022, the ALJ issued an unfavorable decision finding that Taylor was not under a disability from the date her application was filed, August 14, 2020, through the date of the decision, May 6, 2022. (PageID. 66-87; 89-113). Taylor appealed the ALJ's decision to the Appeals Council, and, on September 16, 2022, the Appeals Council denied her request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (PageID. 55-60).

After exhausting her administrative remedies, Taylor sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on January 13, 2023. (Docs. 12, 13). Both

---

[1] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Docs. 10,11 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

parties filed briefs setting forth their respective positions (Docs. 14, 19) and waived oral arguments. (Doc. 17).

## II.  CLAIM ON APPEAL

Taylor alleges that the ALJ's decision to deny her benefits is in error because substantial evidence does not support the ALJ's treatment of Taylor's subjective pain complaints under the Eleventh Circuit's established three-part pain standard. (PageID. 673).

## III. BACKGROUND FACTS

Taylor, who was born on September 18, 1981, was 38 years old at the time she filed her claim for benefits. (PageID. 292). Taylor initially alleged disability due to rheumatoid arthritis, neuropathy, lumbar disc disease, bilateral carpel tunnel syndrome, hypothyroidism, manic depression, kidney disfunction, fibromyalgia, auto immune disorder, panic attacks, anxiety, and hypertension. (PageID. 285).  Taylor attended high school through the 11th grade and has had one job, a cashier, in the 15 years before being unable to work. (PageID. 286). In her Function Report, which she completed on September 27, 2020, she stated that her depression and pain limit her ability to work and deal with the public, specifically, her anxiety prevents her from being in crowds. (PageID. 306). She takes care of her personal needs, she can drive a car, she takes care of her two sons and dogs (with the help of her husband), and she cooks meals and does laundry every other day. (PageID. 307-8). She rarely goes outside of her house due to her anxiety and fear, and if she attends a sporting event, she watches it from her car. (PageID. 309-10). She stated that it hurts to lift anything, she has pain when she sits, bends, and stands for too long, she further has pain in her hands all the time, and

she does not sleep well. (PageID. 307, 311). She stated that the pain in her back, legs, and hands limit the kinds of things she can do and the amount of time she can do them. (PageID. 311). She testified at the hearing that she is unable to stand for a long period of time due to back pain and unable to count money because of the swelling and pain in her hands and wrists. (PageID. 94). She further testified that the wakes up with swelling in her hands and wrists every day, with two or three days out of the week being worse than others, and on the bad days, she cannot make a fist, open lids, or wash dishes. (PageID. 98-99). She testified that she can only sit for approximately 25 minutes before needing to stand and can only stand/walk for approximately 20 minutes before pain shoots down her leg and she has to sit down. (PageID. 100-101).  She also testified that she has to lay down for about two or three hours a day due to pain and fatigue. (PageID. 108).

## IV. ALJ'S DECISION

After conducting a hearing on this matter, the ALJ determined that Taylor had not been under a disability from the alleged onset date though the date of the decision, May 6, 2022, and thus, was not entitled to benefits. (PageID. 66, 69-87). At step one of the five-step sequential evaluation, the ALJ found that Taylor had not engaged in substantial gainful activity since August 14, 2020, the date her application was filed. (PageID. 71). Therefore, she proceeded to an evaluation of steps two and three. The ALJ found that, during the relevant period, Taylor had severe impairments of disorder of the skeletal spine, degressive, bipolar and related disorders, all disorders of thyroid gland, hyperlipidemia, obesity, migraine, carpal tunnel syndrome, essential hypertension, inflammatory arthritis, fibromyalgia, anxiety and obsessive-compulsive

disorders, Hashimoto's thyroiditis, cubital tunnel syndrome, radiculopathy, chronic pain syndrome, and bipolar I disorder, but that she did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (PageID. 71-76). After considering the entire record, the ALJ concluded at step four that Taylor had the residual functional capacity ("RFC") to perform light work, except that she could occasionally climb ramps and stairs, should never climb ladders, ropes, or scaffolds, could occasionally balance, stoop, kneel, crouch, and crawl, could frequently handle, finger and feel, could have occasional exposure to extreme cold, extreme heat, wetness, humidity, vibration, and hazards such as moving mechanical parts or unprotected heights, could understand, remember, and carry out instructions involving no more than three steps, could perform simple tasks for up to two hours without a break, could use judgment to make work-related decisions in an environment with no more than occasional workplace changes, and could occasionally interact with supervisors, coworkers, and the general public. (PageID. 76-80). After setting forth his RFC, the ALJ determined that Taylor had no past relevant work. (PageID. 80). However, considering her age, education, work experience, and RFC, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that Taylor could perform, and therefore, found that Taylor was not disabled within the meaning of the Act. (PageID. 81-82).

## V. STANDARD OF REVIEW

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E). "For DIB claims, a claimant is eligible for benefits where [he] demonstrates disability on or before the [date last insured]." *Moore v. Barnhart*, 405 F.3d 1208, 1211

(11th Cir. 2005). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that . . . [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In evaluating whether a claimant is disabled, the ALJ utilizes a five-step sequential evaluation:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The steps are to be followed in order, and if it is determined that the claimant is disabled at a step of the evaluation process, the evaluation does not proceed to the next step.

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## VI. DISCUSSION

Taylor argues that substantial evidence does not support the ALJ's treatment of her subjective pain complaints under the Eleventh Circuit's established three-part pain standard. (PageID. 673-84).

"A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Whitmore v. Soc. Sec. Admin., Comm'r*, 855 F. App'x 641, 643 (11th Cir. 2021) (citing *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). To establish disability through her own testimony, Taylor must show: "(1) evidence of an underlying medical condition; and (2) either (a)

7

objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curium); *see* 20 C.F.R. § 404.1529(a). If the claimant's subjective testimony is discredited, the ALJ must articulate explicit and adequate reasons for discrediting the claimant's subjective testimony or the implication must be obvious as to the credibility finding. *Foote*, 67 F.3d at 1561-62. If the ALJ fails to articulate her reasons for discrediting the claimant's subjective testimony, the court is required, as a matter of law, to accept the testimony as true. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); 20 C.F.R. § 404.1529. An ALJ's clearly articulated finding regarding subjective complaints, which are supported by substantial evidence, will not be disturbed. *Id*.

The record reveals, the ALJ correctly identified the three-part pain standard and considered Taylor's medical condition as a whole. First, the ALJ adequately summarized the evaluation standard used, identifying a two-step process where she, first, determines whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms, and, second, evaluates the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities. (PageID. 76). In making her finding, the ALJ confirmed she considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p. (PageID. 76). Notably, SSR 16-3p provides guidance about evaluation of statements regarding the

intensity, persistence, and limiting effects of symptoms in disability claims and includes the "factors set for in 20 C.R.F. 404.1529(c)(3) and 416.929(c)(3)". *See* SSR 16-3p. This citation to the correct regulations and evaluation standard(s) indicates that the ALJ applied the correct three-part test to Taylor's claim. *See Wilson v. Barnhart*, 284 F.3d 1219,1226 (11th Cir. 2002) (The ALJ's citation to 20 C.F.R. 404.1529, which contains the same language as the three-part pain standard, made clear that the ALJ applied that standard.).

Here, the ALJ found that Taylor had a medically determinable impairment that could reasonably be expected to cause the alleged symptoms. In so doing, the ALJ summarized Taylor's Function Report, her mother's corroborating third-party Function Report, Disability Reports, and Taylor's hearing testimony, clearly identifying the subjective symptoms reported by Taylor throughout the record. (PageID. 76-78). Next, in evaluating the intensity and persistence of Taylor's symptoms to determine how, if at all, the symptoms limit her capacity for work, the ALJ found Taylor's statements were "not entirely consistent with the medical evidence and other evidence in the record." (PageID. 77). In making this decision, the ALJ summarized Taylor's treatment history from before the application filing date until January 2022, including her repeated complaints of low back pain, bilateral leg pain and numbness, joint pain, hand swelling, pain that radiated down her legs, difficulty standing, difficulty sitting, as well as psychological symptoms, amongst other complaints. (PageID. 77-79). The ALJ also included objective test results, like the October 1, 2020 MRI scan and noted the numerous epidural steroid injections received. (PageID. 77-79). Finding Taylor's statements concerning the intensity, persistence and limiting effects of her symptoms

"to be inconsistent with medical evidence and other evidence in the record", the ALJ stated:

> Specifically, the location, duration, frequency, and intensity of h[er] symptoms are inconsistent with a claim of disability. At the hearing, the claimant testified that [she] was disabled due to physical and mental impairments. However, the treatment record indicated that the claimant had some pain that radiated down her legs (Ex. 8F/10). Yet, she stated that the rest of her joints were doing pretty good. A magnetic resonance imaging scan of the claimant's lumbar spine showed right paracentral broad-based herniation at L4-5 abuts the descending L5 right nerve root with moderate central canal narrowing, moderate to severe foraminal stenosis on the right, and mild foraminal stenosis on the left (Ex. 6F/8). There was right paracentral broad-based herniation at L5-S1 abuts the descending S1 right nerve root creating moderate foraminal stenosis on the right, and mild annular bulge with a small right paracentral herniation at L3-4 created mild foraminal stenosis, right side greater than left. (Ex. 6F/9). Therefore, I limited the claimant to light exertional work with postural, manipulative, and environmental limitations. . . .

(PageID. 79). In reaching this finding, the ALJ explained she found persuasive the medical opinions of the State agency medical consultants, who determined that Taylor was able to work at the light exertional level. Notably, the medical consultants determined that record evidence showed Taylor had "slight decrease in motion in lumbar spine only", "no evidence of instability or atrophy", that conservative treatment measures were being administered with no surgical intervention planned, that Taylor has no problems with personal care, and that her alleged severity of symptoms were "not fully consistent with available objective evidence". (PageID. 79-80, 135, 154). After examining the record as a whole, the ALJ determined, "the medical findings do not support the existence of limitations greater than the above listed residual functional capacity." (PageID. 80).

Thus, contrary to Taylor's assertion, the ALJ made her determination based on the entirety of the record and in accordance with the correct standard for evaluating

10

subjective symptoms, including pain. This is supported by the ALJ's thorough listing of medical evidence coupled with her explanation and citing of Taylor's statements regarding the limiting effects of her symptoms. Accordingly, the undersigned finds the decision is supported by substantial evidence. The ALJ discussed evidence both favorable and unfavorable to her determination and, it is obvious that the ALJ discredited Taylor's subjective symptoms based on the MRI findings and medical records that were repeatedly referenced in the decision. *Foote*, 67 F.3d at 1561-62 ("The ALJ must either explicitly discredit such testimony *or the implication must be so clear as to amount to a specific credibility finding.*") (emphasis added). Notably, multiple records, including the function report and hearing testimony of Taylor, support that she is able to take care of her personal needs, she can drive a car, she takes care of her two sons and dogs (with the help of her husband), and cooks meals and does laundry every other day. (PageID. 307-8). Beyond these everyday tasks, Taylor reported to Dr. Hambry that she sometimes rides a bicycle, goes to church a couple of times a month, spends time crocheting and doing puzzles on her phone. (PageID. 502-03). Medical records also reflect inconsistent reports of pain systems. For instance, on February 18, 2021, the medical notes reflect her rheumatoid arthritis is controlled and reports no of complaints of pain, but two days later, on February 22, 21, Taylor complains that her pain is "unbearable", that it has been "increasing for three weeks", and rates it a 10 out of 10; yet, the record notation states that Taylor converses "normally and jovially" and is able to transition from sitting to standing and standing to sitting with moderate difficulty. (*Compare* PageID. 519 to 534; see also PageID. 647).

The ALJ need not discuss every piece of evidence so long as the ALJ considers the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Based on her evaluation of the evidence, the undersigned finds that the ALJ considered Taylor's medical condition as a whole and provided a sufficient rationale linking the evidence to her RFC determination. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir.1994). As such, the undersigned concludes that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the ALJ's decision and the entire transcript and considered the arguments made by Taylor, the Court finds that the ALJ's determination that Taylor was not disabled is supported by substantial evidence and based on proper legal standards.

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **23rd** day of **June, 2023**.

s/P. BRADLEY MURRAY<br>
**UNITED STATES MAGISTRATE JUDGE**